**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000067
23-NOV-2012
08:41 AM**

NO. CAAP-10-0000067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
K.C. LOESCH, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-10-000141)

SUMMARY DISPOSITION ORDER
(By: Leonard and Reifurth, JJ., and
Foley, Presiding Judge, dissenting)

On August 30, 2010, the District Court of the First Circuit ("District Court")[1] filed a Notice of Entry of Judgment and/or Order and Plea/Judgment, in which it convicted Defendant-Appellant K.C. Loesch ("Loesch") of one count of Accidents Involving Damage to Vehicle or Property, in violation of Hawai‘i Revised Statutes ("HRS") § 291C-13 (Supp. 2011).[2]  Loesch was

---

[1]    The Honorable Leslie A. Hayashi presided.

[2]    The statute provides in relevant part:

The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.  Every such stop shall be made without obstructing traffic more than is necessary. . . .

HAW. REV. STAT. § 291C-13.

HRS § 291C-14(a) (2007) provides:

Duty to give information and render aid.  (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration

sentenced to pay a $100 fine and two fees.

On appeal, Loesch argues that the District Court erred by (1) denying his motion to dismiss the charge on the basis that it failed to set forth the requisite state of mind and (2) convicting him based on findings that were "not only against the weight of the evidence, but unsupported by substantial evidence." Loesch also maintains that (3) his trial counsel was ineffective for failing to refresh the memory of the complaining witness with, or to otherwise introduce, a letter that allegedly documented prior inconsistent statements that she made to an insurance representative after the incident.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Loesch's points of error as follows:

On May 13, 2010, prior to his trial before the District Court, Loesch was orally charged:

> [O]n or about January 4th, 2010, you, as the driver of a vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any other person, did fail to immediately stop the vehicle at the scene of the accident or as close thereto as possible and did fail to forthwith return to and in every even remain at the scene of the accident and fulfill the requirements of Section 291C-14 HRS, thereby committing the offense of Accidents Involving Damage to Vehicle Or Property, in violation of 291C-13 HRS.

Loesch's attorney moved to dismiss, arguing that the charge

---

> number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person; provided that if the vehicle involved in the accident is a bicycle, the driver of the bicycle need not exhibit a license or permit to drive.

HAW. REV. STAT. § 291C-14(a).

failed to state the requisite *mens rea*.[3/] The District Court denied the motion. We hold that the District Court erred, and the motion should have been granted.

In support of our conclusion, we first must determine what HRS § 291C-13 requires the State to prove. Pursuant to HRS § 291C-13,

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary. . . .

HAW. REV. STAT. § 291C-13. HRS § 291C-13 does not, in itself, set forth the requisite *mens rea*. However, pursuant to HRS § 702-204,

> Except as provided in section 702-212, a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. *When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.*

HAW. REV. STAT. § 702-204 (1993) (emphasis added). Pursuant to HRS § 702-212, criminal statutes are excepted from the provisions of § 702-204, generally, when (1) the offense is a violation or (2) if the offense is defined by a statute outside of the Hawaii Penal Code (that is, outside of Title 37 of the HRS) and "a legislative purpose to impose absolute liability for such offense or with respect to any element thereof plainly appears." HAW. REV. STAT. § 702-212 (1993).

A violation of HRS § 291C-13 is a petty misdemeanor crime. *State v. Kilborn*, 109 Hawai'i 435, 440, 127 P.3d 95, 100 (App. 2005); HAW. REV. STAT. § 291C-161(d) (2007). Furthermore, while HRS § 291C-13 is not found in the Hawaii Penal Code,

---

[3/] After the charge was read, Loesch's attorney stated: "Your Honor, before he responds, Defense would just move to dismiss. Lack of jurisdiction. It fails to state an essential element, (indiscernible) intent." Although a portion of the objection is indiscernible, we interpret Loesch's objection to be that the charge was insufficient because it failed to allege some criminal intent — that is, the requisite *mens rea*.

legislative intent to impose absolute liability for violating the statute does not plainly appear. *See State v. Eastman*, 81 Hawaiʻi 131, 140, 913 P.2d 57, 66 (1996) ("Absent statutory language expressly imposing absolute liability, the states of mind denominated in HRS § 702-204 will generally apply, because we will not lightly discern a legislative purpose to impose absolute liability."). Thus, for a defendant to be found guilty of violating HRS § 291C-13, the State must prove beyond a reasonable doubt that he or she violated § 291C-13 with an intentional, knowing, or reckless state of mind. *Cf. State v. Nesmith*, 127 Hawaiʻi 48, 54, 276 P.3d 617, 623 (2012) (referring to HRS § 291E-61(a)(1)).

We next determine whether, upon a timely objection, the failure to identify the requisite *mens rea* in a charge under HRS § 291C-13 requires dismissal of the case. In *State v. Wheeler*, 121 Hawaiʻi 383, 219 P.3d 1170 (2009), the defendant Wheeler was orally charged with Operating a Vehicle Under the Influence of an Intoxicant ("OVUII") in violation of HRS § 291E-61(a)(1), which states:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

121 Hawaiʻi at 385-386, 386 n.1, 219 P.3d at 1172-73, 1173 n.1. While the statute did not define the term "operate," the term was defined in HRS § 291E-1 (2007) to mean "to drive or assume actual physical control of a vehicle *upon a public way, street, road, or highway* . . . ." *Id.* at 391, 219 P.3d at 1179 (internal quotation marks omitted). Although the oral charge tracked the language of HRS § 291E-61(a)(1), it did not allege that Wheeler had operated a vehicle on a public way, street, road, or highway, and Wheeler's attorney moved to dismiss the charge on the basis that the charge was insufficient. *See id.* at 386-87, 219 P.3d at 1173-74. The district court denied the motion, and Wheeler was ultimately convicted of OVUII. *Id.* at 387, 389, 219 P.3d at 1174, 1176.

4

Wheeler appealed, arguing that the district court erred in denying his motion to dismiss "because the oral charge failed to allege an 'essential fact' — that Wheeler operated a vehicle on a public road, street or highway[.]" *Id.* at 389, 219 P.3d at 1176. In a summary disposition order, this court vacated the judgment and remanded to the district court with instructions to dismiss the charge without prejudice, holding that the oral charge was insufficient because it "failed to include a plain, concise and definite statement of each of the essential facts constituting the offense of OVUII because it failed to allege that Wheeler operated a vehicle on a public road, street or highway, an attendant circumstance of the offense." *Id.* at 389-90, 219 P.3d at 1176-77.

The Supreme Court affirmed, holding that "[a]lthough the oral charge here tracked the language of HRS § 291E-61, the failure of the charge to allege that Wheeler was driving his vehicle upon a public way, street, road, or highway at the time of the offense rendered the charge deficient." *Id.* at 393, 400, 219 P.3d at 1180, 1187. The Court noted that the word "operate" had been given a statutory meaning that "does not comport with its commonly understood definition," as the common definition "does not geographically limit where the conduct must take place." *Id.* at 394, 219 P.3d at 1181. Thus, the term "operate" as used in HRS § 291E-61 "is neither 'unmistakable' nor 'readily comprehensible to persons of common understanding.'" *Id.* (quoting *State v. Merino*, 81 Hawaiʻi 198, 214, 915 P.2d 672, 688 (1996)). And therefore, "[t]he use of the phrase 'operate' did not provide adequate notice to Wheeler that the State was required to prove that his operation of the vehicle occurred on a public way, street, road, or highway." *Id.* at 395, 219 P.3d at 1182.

The Supreme Court expanded on *Wheeler* in *State v. Nesmith*, 127 Hawaiʻi 48, 276 P.3d 617, holding, among other things, that a charge of OVUII under HRS § 291E-61(a)(1) "must allege the requisite mens rea in order to fully define the offense in unmistakable terms readily comprehensible to persons of common understanding[.]" 127 Hawaiʻi at 50, 276 P.3d at 619.

5

Although HRS § 291E-61(a)(1) does not in itself define the requisite *mens rea*, the Court held that, pursuant to HRS § 702-204, the State must prove beyond a reasonable doubt that the defendant violated HRS § 291E-61(a)(1) with an intentional, knowing, or reckless state of mind as to all elements of the offense. *Id.* at 53–54, 276 P.3d at 622–23. After identifying the problem with the charge in *Wheeler* — that the statutory definition of "operate" contained a geographical limit that was "neither 'unmistakable' nor 'readily comprehensible to persons of common understanding'" — the Court stated:

> Similarly, in this case, at oral argument, the State argued that any person on the street would know a charge of "operating a vehicle under the influence of an intoxicant" to mean drunk driving. However, that common understanding is not reflected in the statutory framework creating the offense of OVUII under HRS § 291E-61(a)(1), under which it is a crime only if one intentionally, knowingly, or recklessly (not negligently) "operates or assumes actual physical control of a vehicle ... [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty." As in *Wheeler*, the OVUII offense in this case is statutorily defined as narrower than what is commonly understood to constitute "drunk driving." In that sense, a charge alleging a violation of HRS § 291E-61(a)(1) that omits the statutorily incorporated culpable states of mind from HRS § 702-204 is not readily comprehensible to persons of common understanding. As such, a charge omitting the allegation of mens rea is deficient for failing to provide fair notice to the accused.

*Id.* at 54–55, 276 P.3d at 623–24. With regard to the issue raised by this case as to whether the charge provides sufficient notice of the *mens rea* necessary for conviction, the Court further stated:

> [I]n this case, the "intentional, knowing, or reckless" state of mind requirements, though not an "element of an offense" under HRS § 702-205, needed to be charged in an HRS § 291E-61(a)(1) Complaint to alert the defendants of precisely what they needed to defend against to avoid a conviction. A charge omitting the mens rea requirements would not alert the Petitioners that negligently operating a vehicle under the influence of an intoxicant in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty, for instance, is not an offense recognized under HRS § 291E-61(a)(1). In short, mens rea must be alleged in an HRS § 291E-61(a)(1) charge.

*Id.* at 56, 276 P.3d at 625.

The logic of this holding in *Nesmith* applies to charges for violating HRS § 291C-13. The charge read to Loesch tracked

6

the language of HRS § 291C-13, but failed to inform Loesch that the State was required to prove that Loesch violated the statute intentionally, knowingly, or recklessly. Nothing in the charge informs Loesch that a negligent or unknowing violation of HRS § 291C-13 is not a criminal offense. Thus, a charge under HRS § 291C-13 must allege the requisite *mens rea* in order to fully define the offense in unmistakable terms readily comprehensible to persons of common understanding. Therefore, the charge in this case was insufficient, and the District Court erred in denying Loesch's motion to dismiss.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on August 30, 2010 in the District Court of the First Circuit is vacated, and the case is remanded to the District Court with instructions to dismiss the case without prejudice. In light of our disposition on Loesch's first point of error, we need not address the other points of error he raises on appeal.

DATED: Honolulu, Hawai'i, November 23, 2012.

On the briefs:

Glenn D. Choy
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

7